Filed 8/30/24  In re T.F.-A. CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re T. F.-A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>T. F.-A.,<br><br>    Defendant and Appellant. | A170288<br><br>(Solano County Super. Ct. No. J45719) |

Defendant T. F.-A. (Minor) appeals from the juvenile court's disposition order, contending the court erred in committing him to the county juvenile detention facility (JDF) as opposed to sending him to a short-term residential therapeutic program (STRTP).  Minor's court-appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) summarizing the facts and procedural history and requesting this court to independently review the record for potential errors. Counsel advised Minor that he could file a supplemental brief raising any issues he wished to call to this court's attention, but

1

Minor has not done so.  Finding no arguable issues on appeal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Petition and Transfer

In 2024, the San Francisco District Attorney (District Attorney) filed three juvenile wardship petitions — on January 10, January 16, and January 18 — pursuant to Welfare and Institutions Code[1] section 602, subdivision (a).  The petitions and allegations arose from one completed carjacking and two attempted carjackings, all of which occurred on January 8, 2024, and each of which involved a different victim.

On January 18, 2024, Minor admitted to carjacking as alleged in the January 10 petition and attempted carjacking as alleged in the January 16 petition.  The matter was then transferred to Solano County for disposition, as Minor had a prior case on which he was on probation in that county.

### II. Juvenile Court Disposition

A contested disposition hearing was held on February 13, 2024.  Minor's counsel argued that a STRTP would be a better placement option for Minor, noting that the "staff [is] trained to work with high-risk youth and high-needs youth" to "address [ ] the many things [Minor will] need," and contrasting STRTP's therapeutic focus with JDF's punitive emphasis.

On the other hand, the probation officer, who prepared the social study and sentencing recommendation pursuant to section

---

[1] Unless otherwise stated, undesignated statutory references are to the Welfare and Institutions Code.

626, informed the court that the probation department recommended 270 days at JDF, as "continuance in the home of the parent would be contrary . . . to [M]inor's welfare." With respect to Minor's placement, the probation officer testified she was concerned about the gravity and escalating nature of Minor's offenses, Minor's failure to participate in wrap-around services that were offered while he was in the dependency court, and overall community safety.

The District Attorney supported the probation officer's recommendation of 270 days at JDF, noting Minor's "escalating behavior" and the "risks" posed to himself and the community. The District Attorney further argued that "releasing [Minor] to a less restrictive alternative would lead us [] back here again in a short period of time . . . ."

On February 14, 2024, at the conclusion of the contested dispositional hearing, the court ordered Minor to be committed to the Solano County JDF for 308 days, with credits for 39 days, with a release date of no earlier than November 8, 2024. The court also stated the maximum confinement time was six years and six months.

Minor timely appealed.

## DISCUSSION

### *Additional Background*

Before announcing its judgment, the court reviewed Minor's history as a section 300 dependent. The court also noted Minor's prior delinquency cases related to vehicle theft, receiving stolen property, and evading and assaulting a peace officer. The

3

court commented that the probation officer "indicated that an STRTP would be a good placement, but it depends on the willingness of the individual to participate." The court pointed out that Minor has "a history of not wanting to participate" in services.

The court then moved on to discuss comments made by Minor, indicating he was "going to do better" and "change the people [he] h[u]ng out with." The court, however, observed that "some of these things that [Minor] did were all by [him]self," and that during the last carjacking attempt, "it appears, that [Minor] had an adult with [him]."

The court selected JDF as the appropriate placement in the interests of both Minor and the public, given that Minor "went from being moderate risk" to being "high risk for prior and current offenses," and in light of the likelihood that Minor would leave an unlocked facility like a STRTP. The court emphasized that JDF placement was "not intended as a punishment" but rather "to help [Minor] so that [he] will do better."

### Standard of Review

The appellate court reviews a "juvenile court's commitment decision for abuse of discretion, indulging all reasonable inferences to support its decision." (*In re Antoine D.* (2006) 137 Cal.App.4th 1314, 1320.) "[T]here must be evidence in the record demonstrating both a probable benefit" to a minor by JDF commitment and "the inappropriateness or ineffectiveness of less restrictive alternatives." (*In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396.)

We have reviewed the record and found no arguable issues. Given the seriousness of Minor's offenses, his history of refusing services, his escalating criminal behavior, and the risks to himself and the public, the record fully supports the juvenile court's determination that placement in JDF is appropriate to serve the goals of rehabilitation and community safety. There was no abuse of discretion.

Having conducted an independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, we find no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

*In re T.F.* (A170288)

5